Eugene A. GRAY, Petitioner,

v.

**DEPARTMENT OF DEFENSE,**
**Respondent.**

No. 03–3283.

United States Court of Appeals,
Federal Circuit.

DECIDED: March 3, 2004.

---

William K. Olivier, Principal Attorney, Bryant G. Snee, David M. Cohen, of Counsel, Washington, DC, for Respondent.

Eugene Gray, Principal Attorney, Chester, VA, pro se.

Before NEWMAN, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Mr. Eugene Gray appeals the decision of the Merit Systems Protection Board (M.S.P.B.), Docket No. DC0752980196–C–1, holding that the Defense Commissary Agency (the Agency) did not breach the terms of a settlement agreement concerning termination of Mr. Gray's civilian employment with the Agency. We *affirm*.

## BACKGROUND

In November 1997 Mr. Gray was removed from his job as a contract specialist for being absent without leave, after having been given several opportunities to provide appropriate medical documentation of his absences. Mr. Gray appealed the removal to the MSPB; a settlement was reached, and by conference call the agreement was read into the record and taped on April 28, 1998. The Agency agreed, in pertinent part:

(a) to replace the removal action with a resignation by the Appellant.... The Agency will accomplish all applicable paperwork to substitute the resignation for the removal.

(e) not to oppose any application the Appellant may submit regarding medical disability retirement.

Mr. Gray agreed, in pertinent part:

(c) to withdraw, dismiss with prejudice, and/or cancel any and all pending complaints, appeals, other legal and administrative actions against the Agency, including, but not limited to, all matters before the U.S. Equal Employment Opportunity Commission and the Agency or installation Equal Employment Opportunity Office.

(d) to resign from employment with the Defense Commissary Agency by signing this settlement agreement;

(e) never to apply for any position, now or in the future, with the Defense Commissary Agency....

Both parties agreed that:

9. This agreement will be kept confidential and the terms will not be disclosed by either party except to the MSPB and the Agency officials responsible for implementing the agreement.

The administrative judge (AJ) dismissed the appeal on the basis of the oral recorded agreement. Mr. Gray refused to sign the written form of the agreement, which was provided the next day, although it was signed by his attorney. However, he did not seek to reopen the appeal, he did not return to work, and he achieved disability retirement.

In February 2002 Mr. Gray filed a petition for enforcement, alleging that the Agency breached the settlement agreement by (1) opposing his application for disability benefits under the workers' compensation rules, (2) failing to remove references to his removal and a 1997 negative performance appraisal from his personnel file, (3) disclosing confidential information, and (4) fraud by the agency in the settlement agreement. The MSPB denied the petition, and this appeal followed.

## DISCUSSION

Under 5 U.S.C. § 7703(c), this court will affirm a decision of the MSPB unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. *Frederick v. Dep't of Justice*, 73 F.3d 349, 351–52 (Fed.Cir. 1996). A settlement agreement is a contract, and matters of contract interpretation receive plenary review. *King v. Dep't of the Navy*, 130 F.3d 1031, 1033 (Fed.Cir. 1997).

■ The AJ found that the Agency's opposition to Mr. Gray's workers' compensation application did not breach the agreement. She found it to be "clear in context [that] the parties intended the term 'disability retirement' to mean a form of retirement from the service and not workers' compensation which is a type of hiatus from the workplace until the employee recovers." *Gray v. Dep't of Defense*, slip op. at 4 (April 15, 2002). She also stated:

Interpreting "disability retirement" as only precluding the agency from opposing the appellant seeking disability retirement from OPM, and allowing the agency to oppose workers' compensation, is entirely consistent with that bargain since the granting of disability retirement from OPM, in contrast to workers' compensation, would not involve allowing the appellant to remain on the agency's employment rolls.

*Id.* We perceive no reversible error in this determination.

■ The AJ found no breach as to the issue of failure of the Agency to purge Mr. Gray's personnel record of his July 1997 performance appraisal and of evidence of his removal. The appraisal in question, although mentioning a reduced amount of work accomplished by Mr. Gray due to his absence for personal reasons, was not unsatisfactory but instead gave him a rating of "Fully Successful." Therefore, even if the agreement required the removal of negative information, the appraisal is not clearly negative.

The AJ also found that although pre-agreement documents indicating removal were present in OPM files in connection with Mr. Gray's application for disability retirement, there was no reference to Mr. Gray's removal contained in his personnel records maintained by the Agency. Reversible error has not been shown in the AJ's decision on purge of the personnel records.

■ In response to Mr. Gray's allegations of fraud and misrepresentation in connection with formation of the agreement, the AJ held, applying *Wells v. Department of the Army,* 74 M.S.P.R. 266, 268 (1997), that a petitioner who has brought a petition for enforcement cannot question the validity of the agreement being enforced. Mr. Gray states that he should have the choice of rejecting the agreement and reinstating the appeal of his termination. We agree that if the agreement were improperly formed, it can be challenged on that ground. However, the precedent of this court makes clear that "an oral settlement agreement is binding on the parties, particularly when the terms are memorialized into the record." *Tiburzi v. Dep't of Justice,* 269 F.3d 1346, 1351 (Fed.Cir.2001). In *Tiburzi* the court held that the employee was bound by the oral agreement although he refused to sign the written agreement. Here, Mr. Gray entered into an oral agreement that was entered into the record. The administrative judge who handled the settlement stated, "Should you submit a written Agreement, I'll certainly add that to the record but I will cancel the hearing and dismiss the case on the basis of this taped Settlement." The dismissal was on the basis of the oral settlement.

Mr. Gray's subsequent refusal to sign the written agreement, and his statement that he returned the money paid to him under the agreement, according to *Tiburzi* cannot negate the oral agreement that had been entered into the record. Thus, the AJ did not act improperly in refusing to consider the issue of fraud. We also take note that no evidence of fraud or misrepresentation was presented in the briefs and supplemental materials filed by Mr. Gray on appeal.

■ Finally, the AJ found that the Agency had not breached the confidentiality provisions of the settlement by impermissibly disclosing its existence and terms. Mr. Gray argued that disclosure of the settlement terms to the Equal Employment Opportunity Commission (EEOC) was a breach. However, under the terms of the agreement Mr. Gray was required to cancel any pending complaint before the EEOC. He failed to do so. Thus, the Agency's disclosure was necessitated by Mr. Gray's failure to comply with the settlement. We discern no breach in this disclosure.

■ As for the Agency's letters to the Department of Labor that mentioned Mr. Gray's termination in connection with opposition to his workers' compensation claim, it appears that Mr. Gray suffered no harm as a result of the disclosure. The Department of Labor informed Mr. Gray,

by detailed letter dated January 28, 2002, that his claim had been denied for failure to establish a work-related injury, and made no mention of his termination. Absent harm, reversible error in the AJ's decision has not been shown.

No costs.