Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3163

EUGENE A. GRAY,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Eugene A. Gray, of Chester, Virginia, pro se.

Steven J. Abelson, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Bryant G. Snee, Assistant Director.   Of counsel on the brief was Elliot J. Clark, Jr., Deputy General Counsel for Litigation, Office of General Counsel, United States Defense Commissary Agency, of Fort Lee, Virginia.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3163

EUGENE A. GRAY,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

_____

DECIDED: September 18, 2007
_____

Before MICHEL, Chief Judge, NEWMAN and MOORE, Circuit Judges.

NEWMAN, Circuit Judge.

Petitioner Eugene A. Gray, pro se, appeals the decision of the Merit Systems Protection Board denying his petition for enforcement of a settlement agreement with his former employer, the Defense Commissary Agency. Gray v. Dep't of Defense, No. DC0752980196-C-2 (MSPB Aug. 17, 2006). We reverse the Board's decision and remand for payment of the settlement agreement sum.

DISCUSSION

Mr. Gray was employed as a contract specialist with the Defense Commissary Agency (the agency). In November 1997 he was removed from employment based on unauthorized absences and lack of medical documentation. He appealed to the Board. In April 1998 he and the agency reached a settlement agreement, on terms that the administrative judge read into the record. Accordingly, the administrative judge dismissed the appeal. The settlement agreement required, inter alia, that the agency pay Mr. Gray $10,000. On or about May 27, 1998 the agency sent Mr. Gray a check for $10,000.

In September 1998 Mr. Gray, through counsel, returned the check to the agency with a letter stating that he "rejected the settlement negotiated," and that he declined to sign the written settlement agreement prepared by the agency. On February 11, 2002 Mr. Gray filed a petition for enforcement, raising several issues concerning whether there had been a settlement, and charging that the agency breached its terms. By decision of April 15, 2002 the Board held that the 1998 settlement was in effect based on the administrative judge's reading the agreement into the record and Mr. Gray's acquiescence through counsel. The Board held that the agency was in compliance with the agreement. Mr. Gray appealed to this court; the court affirmed the Board's decision, stating that "Mr. Gray's subsequent refusal to sign the written agreement, and his statement that he returned the money paid to him under the agreement . . . cannot negate the agreement that had been entered into the record." Gray v. Dep't of Defense, 91 Fed. Appx. 137, 140 (Fed. Cir. 2004).

In October 2004 Mr. Gray wrote to the agency and requested that he be sent the "settlement check" for the amount provided in the agreement. The agency's assistant

general counsel Darrin M. Gibbons denied the request by letter of October 24, 2004, stating that the agency had complied with the terms of the settlement agreement when it first sent the $10,000 payment, that Mr. Gray had returned the check, and that since the agency had complied with the settlement agreement, it had no obligation to send another check. Mr. Gray asked again, and was again refused.

We conclude that the agency remains obligated, by the agreement, to make the payment, for Mr. Gray's return of the check was held not to void the settlement. When the Board and this court ruled that the agreement was not void, the obligations of both parties thereunder also remained in effect. After this court's decision in 2004, finally ruling that he was bound by the settlement, he requested the $10,000 due him under the settlement. The agency's refusal to pay was inappropriate, for the agency had successfully maintained that the settlement agreement was in full effect. While the agency met its initial obligation under the settlement when it sent him the check in 1998, his unsuccessful litigation to void that settlement did not end until 2004. He was entitled to performance of the government's obligations, just as he was held to performance of his obligations. When the agency refused to meet that obligation, in May 2006 Mr. Gray filed this petition for payment of the $10,000 obligated by the 1998 settlement agreement. On August 17, 2006 an administrative judge denied the petition on three grounds: (1) that Mr. Gray waited too long after Mr. Gibbons first refused to pay the $10,000, for nineteen months elapsed before this petition was filed; (2) alternatively, that Mr. Gray abandoned the settlement sum of $10,000 when he returned the check in 1998; and (3) alternatively, that the agency complied with the settlement agreement when it tendered the check, and had no further obligation to Mr. Gray. The full Board denied review.

The Board's finding that Mr. Gray's filing of this petition for enforcement was unreasonably delayed is not supported by substantial evidence. It must be remembered that Mr. Gray was, throughout the relevant time, acting pro se. The Board found, and we agree, that the October 22, 2004 letter from the agency put Mr. Gray on notice of the agency's breach. However, the Board rejected the idea that this letter misled Mr. Gray into his late filing. The agency's letter refers to Mr. Gray's 2002 petition for enforcement and states that "the administrative judge found no merit in your allegations," and that Mr. Gray's "appeal has been fully adjudicated" with "[t]he Board" ruling "that the agency complied in all respects with the 1998 agreement." The letter does not mention that the Board did not discuss whether the agency had an obligation to pay the $10,000. Moreover, the words "fully adjudicated" imply that Mr. Gray had no further recourse before the Board. Following this letter Mr. Gray entered into lengthy negotiations with the agency, for the record shows a series of telephone calls and several exchanges of correspondence. It was not until Mr. Gray retained an attorney in June of 2006 that a petition was filed with the Board. This supports the view that Mr. Gray may have been unaware of his right to return to the Board to seek enforcement of the settlement agreement, and in all events he was never so advised by the agency. The totality of events negate the Board's holding that he simply waited "too long." Further, he violated no statute of limitations, or any regulatory deadline, in seeking to enforce the settlement terms.

Principles of law and equity preclude the Army from "shirking the burdens" of the 1998 settlement agreement. See Oubre v. Entergy Operations, Inc., 522 U.S. 422, 426 (1998). The agency accepted the benefits of the 1998 settlement agreement, and successfully litigated to preserve the agreement. Having successfully taken that position

2007-3163                                    4

through extensive litigation, with this court ultimately obliging Mr. Gray to comply with the agreement that he refused to sign, the agency must also comply with the agreement, and meet its contractual obligation to pay Mr. Gray the sum of $10,000. We remand for implementation by the Board and the agency.